**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DESMOND JAMES** ) | FILED: MARCH 26, 2008 |
| ) | 08CV1758         TC |
| ) | JUDGE NORGLE |
| **Plaintiff,** ) | MAGISTRATE JUDGE NOLAN |
| ) | **No. _____** |
| **v.** ) | |
| ) | **JURY DEMAND** |
| **CHICAGO POLICE OFFICERS T. X. OATES** ) | |
| **(Star No. 13798), B. A. WARCHOL (Star No. 9353)** ) | |
| **CITY OF CHICAGO, ILLINOIS,** ) | |
| ) | |
| **Defendants** ) | |

## COMPLAINT

The Plaintiff for his cause of action against Defendants states as follows:

## JURISDICTION AND VENUE

1.    This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983], and this Court's supplemental jurisdiction. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.    Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.    At all times relevant herein, Plaintiff Desmond James (Plaintiff) was and now is a citizen of the United States and resides within the jurisdiction of this court.

4.    At all times relevant herein, the individual defendants, Officers T. X. Oates: Star No.:13798 and B. A. Warchol Star No. 9353 were members of the city of Chicago Police Department, and were acting under color of state law and as employees, agents or representatives of the City of Chicago.

5.      Defendant City of Chicago is a municipal corporation, duly organized under the laws of the state of Illinois.

## FACTS

6.      On August 5, 2007, at or about 2:00am, Plaintiff was driving southbound and traveling at a normal rate of speed well within the posted speed limit on South Racine Avenue, Chicago when he suddenly lost control of his vehicle due to a broken lower control arm of his car and struck three cars that were parked on the right side curb, before coming to a stop.

7.      Plaintiff's car was incapacitated and could not move as a result of the broken control arm. Plaintiff then exited his vehicle and approached the entrance of a hair/beauty salon located on the first floor of a building on 8540 South Racine Avenue and in front of which the three cars were parked. The salon was still open.

8.      At the same time, Plaintiff called his brother, Antonio Grant on his cell phone and informed him of what had taken place.

9.      Believing that the owners of the three cars he had struck were present in the salon, Plaintiff entered the salon and offered his apologies as well his auto insurance information to the persons in the salon.

10.     While Plaintiff was giving out his insurance information, someone locked the door of the salon and called the police.

11.     Before the police arrived, Plaintiff's brother, Antonio Grant and Antonio's friend, Michael Burgins arrived at the scene but could not enter the salon because the door was locked. However, they could see Plaintiff through the glass window.

12.     Shortly thereafter, at or about 2:30AM, two police officers, F.M. Jacinto Star No.: 16472 and F. Rodriguez, Star No.: 12986 arrived at the scene and met Antonio Grant and Michael Burgins outside the salon. The officers inquired of Burgins and Grant what was going on.

13.     Shortly after, officers Oates and Warchol arrived at the scene and were immediately let into the salon while Jacinto and Rodriguez questioned Grant and Burgins outside.

14.     Upon entering the salon, Officers Oates and Warchol immediately accosted Plaintiff and ordered Plaintiff to stand up and put his hands behind his back while at the same

time yelling at plaintiff, "Where's the gun at? Where's the gun at? Where's the gun at?"

15.    Plaintiff responded that he had no gun but Officers Oates and Warchol commanded Plaintiff to stand up from his sitting position and to put his hands behind his back. They then handcuffed Plaintiff and searched him for a gun.

16.    Not finding any gun on Plaintiff, Officers Oates and Warchol took the handcuffed Plaintiff outside and placed him in their squad car. Officer Oates then went over to Plaintiff's incapacitated car and searched it for a gun. Burgins was also questioned about a gun and was eventually placed under arrest for allegedly assaulting the owner of the salon.

17.    Despite the fact that Plaintiff had neither committed any crime nor was he in the process of committing any crime or breaking any laws for which he should be arrested, Plaintiff was subjected to unreasonable search and placed under arrest and taken to the District 006 Police Station at 7808 South Halsted, Chicago.

18.    At the police station, Plaintiff was placed in a holding cell for about two hours without communication with any one and without being told why he was arrested and what he was brought to the station for.

19.    Two hours later, at or about 4:38AM, Plaintiff was accosted by Officer Oates who advised Plaintiff that he was going to process him for driving under the influence (DUI), failure to keep in lane and leaving the scene of an accident. Officer Warhol also actively participated in the processing of Plaintiff by conversing with and providing exhortation to Officer Oates.

20.    Officer Oates then proceeded to ask Plaintiff to perform some Field Sobriety Tests (FST) at the station, two hours after Plaintiff's arrest, to which Plaintiff reluctantly complied because he had become suspicious of the intentions of the police officers.

21.    Officer Oates haphazardly conducted the purported FST at the station and did not even bother to complete it because he had already made up his mind that Plaintiff was guilty. While conducting the tests Officers Oates and Warchol made taunting and humiliating remarks at Plaintiff.

22.    Plaintiff also refused to submit to any chemical tests because of the suspicious conduct of the police officers Oates and Warchol.

23.     Plaintiff was not verbally warned by Officer Oates of the consequences of refusing chemical tests as required by Section 11-501.6 of the Illinois Vehicle Code. However, Officer Oates did issue to Plaintiff an erroneous written Traffic Crash Warning to Motorist and told plaintiff "I'm sure you know what that means". (see attached Plaintiff's exhibit "A")

24.     Despite the fact that Officer Oates was well aware or should have been aware that the accident in which Plaintiff was involved did not result in death or personal injury, Officer Oates went ahead to complete, swear to and file a false Traffic Crash Sworn Report to the contrary and pursuant to Section 11-501.6 of the Illinois Vehicle Code Illinois with the Illinois Secretary of State. (see attached Plaintiff's exhibit "B")

25.     As a result of the aforesaid false report by Officer Oates, Plaintiff's driving privileges were administratively suspended by the Illinois Secretary of State pursuant to Section 11-501.6 of the Illinois Vehicle Code.

26.     As a result of the suspension of Plaintiff's driving privileges, Plaintiff was out of work for more than five months because his work is driving based. Plaintiff was thus deprived of any means of livelihood and was subjected to severe financial hardship while trying to resolve the erroneous and false report with the Illinois Secretary of State.

27.     Plaintiff's driving privileges were finally reinstated sometime in January 2008 after Officer Oates ignored the request of the Illinois Secretary of State to provide information to substantiate his Sworn Report. (see attached Plaintiff's exhibit "C")

28.     Plaintiff was also falsely charged with driving under the influence (DUI), failure to keep in lane and leaving the scene of an accident and Plaintiff has had to incur huge expenses in defending said action.

29.     The defendant officers did not conduct a field sobriety test on Plaintiff at the scene of the accident and there was no probable or legal cause to arrest Plaintiff for DUI.

30.     The decision of the defendant officers to prosecute Plaintiff for DUI was an afterthought and was made after Plaintiff was arrested and taken to the station and held without being told why he was arrested for about two hours.

31.     The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard

for Plaintiff's rights and justify awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

32.     The aforementioned acts of Officer Oates in failing to follow proper procedures, filing a false report against Plaintiff and failing to give proper warning were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

33.     By reason of the above-described acts and omissions of defendants, Plaintiff suffered extreme humiliation, severe mental and emotional pain and suffering, loss of income, financial loss and loss of liberty.


**COUNT I**

**Plaintiff Against the Individual Defendants for Due Process Violations**

34.     Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty three (33) as though fully set forth herein.

35.     By reason of the conduct of the individual defendant officers, Plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause as contained in the Fifth and Fourteenth Amendments to the United States Constitution.

36.     The defendants deprived Plaintiff of fair criminal and civil proceedings by engaging in multiple wrongful acts which include, but are not limited to, not following the proper procedure in arresting and charging Plaintiff with driving under the influence, submitting false charges as contained in the charges, submitting false police reports and submitting false and misleading sworn reports to deny Plaintiff of his driving privileges and fair criminal and civil proceedings.

37.     The acts described in the preceding paragraph were directed toward Plaintiff, were intentional and material, and therefore in violation of Plaintiff's due process rights.


WHEREFORE, pursuant to 42 U.S.C S 1983, Plaintiff demands actual and compensatory damages against Defendants T. Oates and B. A. Warchol, and because these defendants acted maliciously, wantonly, or oppressively, punitive damages and costs of this action including attorneys' fees and such other additional relief as this Court deems equitable and just are proper.

## COUNT II

### Plaintiff Against Individual Defendants for False Arrest and Detention

38.     Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty three (33) as though fully set forth herein.

39.     The individual defendants caused the arrest of plaintiff without probable cause.

40.     The actions of defendants were a direct and proximate cause of the violations of Plaintiff's Fourth amendment rights, mental suffering, anguish, humiliation, loss of personal freedom, and expenses, as set forth more fully above.


WHEREFORE, pursuant to 42 U.S.C S 1983, Plaintiff demands actual and compensatory damages against Defendants T. Oates and B. A. Warchol and because these defendants acted maliciously, wantonly, or oppressively, punitive damages and costs of this action including attorneys' fees and such other additional relief as this Court deems equitable and just are proper.


## COUNT III

### Plaintiff Against Individual Defendants for Conspiracy to Deprive Plaintiff of His Due Process Rights

41.     Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty three (33) as though fully set forth herein.

42.     All the individual defendants either explicitly or implicitly conspired or agreed to a scheme to deprive Plaintiff of fair criminal proceedings. The acts of all the individual defendants include, but are not limited to, filing false police reports, filing false and misleading FST report, filing false DUI charges, filing and submitting false Traffic Crash Sworn Report with the Illinois Secretary of State, failing to follow established procedures in administering Field Sobriety Tests, all of which was done to cover up wrongdoing.


WHEREFORE, pursuant to 42 U.S.C S 1983, Plaintiff demands actual and compensatory damages against Defendants T. Oates and B. A. Warchol and because these defendants acted

maliciously, wantonly, or oppressively, punitive damages and costs of this action including attorneys' fees and such other additional relief as this Court deems equitable and just are proper.

## COUNT IV

### Plaintiff Against Individual Defendants for Malicious Prosecution

43.     Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty three (33) as though fully set forth herein.

44.     The defendants proceeded with the charges against Plaintiff knowing them to be false.

45.     Defendant Oates proceeded to swear to and file a Traffic Crash Sworn Report with the Illinois Secretary of State knowing same to be false and misleading.

46.     The actions of the defendants were intentional, willful, wanton, and malicious.

47.     As a result of the actions of defendants, Plaintiff suffered monetary loss and expenses, pain, suffering, fear and anxiety.


WHEREFORE, Plaintiff demands actual and compensatory damages against Defendants T. Oates and B. A. Warchol and because these defendants acted maliciously, wantonly, or oppressively, punitive damages and costs of this action including attorneys' fees and such other additional relief as this Court deems equitable and just are proper.


## COUNT V

### Plaintiff Against City of Chicago under *Respondeat Superior*

48.     Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty three (33) as though fully set forth herein.

49.     At all times Relevant, defendant officers T. Oates and B.A. Warchol were employees of the City of Chicago and were acting in the scope of their employment and their acts which violated state law are directly chargeable to Defendant City of Chicago under state law pursuant to the principle of *respondeat superior.*

Wherefore, Plaintiff demands judgment for compensatory damages against the City of Chicago, plus the costs of this action and such other additional relief as this Court deems equitable and just.

## PLAINTIFF REQUESTS TRIAL BY A JURY

DATED: March 25, 2008

Respectfully Submitted

/s/ Uche O. Nwakudu

Uche O. Nwakudu

Attorneys for Plaintiff

Uche O. Nwakudu & Associates

53 West Jackson Blvd., Suite 1440

Chicago, IL 60604

(312) 922-8243

## PLAINTIFF'S VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein and that the foregoing pleading filed on my behalf, and the facts stated therein are true.

_Desmond James_                 _3/25/08_

**Desmond James**                 **Date**

Subscribed to and sworn to before me this _25th_ day of _March_ , 2008

_Uche O. Nwakudu_

**Notary Public**

OFFICIAL SEAL
UCHE O NWAKUDU
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/31/08

08CV1758          TC
JUDGE NORGLE
MAGISTRATE JUDGE NOLAN

<div style="border:1px solid">

**PLAINTIFF'S EXHIBIT "A"**

</div>

## TRAFFIC CRASH
## WARNING TO MOTORIST

TRAFFIC CITATION NO. TM-538-170

ACCIDENT REPORT NO. HN-509772

DATE OF ACCIDENT 05 AUG 07

SUBSEQUENT TO YOUR INVOLVEMENT IN A CRASH INVOLVING EITHER TYPE A PERSONAL INJURY (WHICH INCLUDES SEVERELY BLEEDING WOUNDS, DISTORTED EXTREMITIES, AND INJURIES THAT REQUIRE THE INJURED PARTY TO BE CARRIED FROM THE SCENE) THAT REQUIRE IMMEDIATE PROFESSIONAL ATTENTION IN EITHER A DOCTOR'S OFFICE OR A MEDICAL FACILITY, OR A FATALITY, AS EVIDENCED BY THE ISSUANCE OF A UNIFORM TRAFFIC TICKET FOR ANY VIOLATION OF THE ILLINOIS VEHICLE CODE OR SIMILAR PROVISIONS OF A LOCAL ORDINANCE WITH THE EXCEPTION OF EQUIPMENT VIOLATIONS CONTAINED IN CHAPTER 12 OF THIS CODE OR SIMILAR PROVISIONS OF LOCAL ORDINANCES AND PURSUANT TO SECTION 11-501.6 OF THE ILLINOIS VEHICLE CODE, YOU ARE HEREBY NOTIFIED AND WARNED THAT

As provided in Section 11-500 of the Illinois Vehicle Code, you are a first offender unless within the last five years of this arrest you have had:

A previous conviction or court assigned supervision for DUI or a similar provision of a local ordinance; or

A conviction in any other state for DUI or a similar offense where the cause of action is the same or substantially similar to the Illinois Vehicle Code; or

A driver's license suspension for violating Section 11-501.1 of the Illinois Vehicle Code, except in cases where you submitted to chemical testing resulting in an alcohol concentration of 0.08 or more on or after July 2, 1997, or 0.10 or more prior to July 2, 1997, or any amount of a drug, substance or intoxicating compound resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act, a controlled substance listed in the Illinois Controlled Substances Act or an intoxicating compound listed in the Use of Intoxicating Compounds Act, and were subsequently found not guilty of Section 11-501 of the Illinois Vehicle Code or a similar provision of a local ordinance.

Considering the above, you are warned:

1.  If you refuse or fail to complete all chemical tests requested and:
    If you are a first offender, **your driving privileges will be suspended for a minimum of 6 months;** or
    If you are not a first offender, **your driving privileges will be suspended for a minimum of 3 years.**

2.  If you submit to a chemical test(s) disclosing an alcohol concentration of 0.08 or more or any amount of a drug, substance or intoxicating compound resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act, a controlled substance listed in the Illinois Controlled Substances Act or an intoxicating compound listed in the Use of Intoxicating Compounds Act and:
    If you are a first offender, **your driving privileges will be suspended for a minimum of 3 months;** or
    If you are not a first offender, **your driving privileges will be suspended for a minimum of one year.**

You are further warned that if you are a Commercial Drivers License holder, your CDL privileges will be disqualified:

1.  If you refuse or fail to complete all chemical tests requested and:
    If you are a first offender, your CDL privileges will be disqualified for a minimum of 12 months; or
    If you are not a first offender, your CDL privileges will be disqualified for a minimum of **LIFE.**

2.  If you submit to a chemical test(s) disclosing an alcohol concentration of 0.08 or more or any amount of a drug, substance or intoxicating compound resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act, a controlled substance listed in the Illinois Controlled Substances Act or an intoxicating compound listed in the Use of Intoxicating Compounds Act and:
    If you are a first offender, your CDL privileges will be disqualified for a minimum of 12 months; or
    If you are not a first offender, your CDL privileges will be disqualified for a minimum of **LIFE.**

Warning Issued To  DESMOND James E

Name of Motorist _____  Driver's License Number _____

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

Signature of Arresting Officer _____  13798  Identifying Number

Law Enforcement Agency  CPD 006   Address  7808 S. HALSTED

Date of Warning  05 AUG 07   Time of Warning  4:15 am/pm

## POLICE OFFICER - GIVE TO MOTORIST

**PLAINTIFF'S
EXHIBIT "B"**

## TRAFFIC CRASH
## SWORN REPORT

| TRAFFIC CITATION NO. | ACCIDENT REPORT NO. |
|---|---|
| TM-S38-170 | HN509,772 |

DATE OF ACCIDENT
05 AUG 07

Name __Desmond__ __James__ __E__
      **Last**        **First**       **Middle**

☐ CDL

**Driver's License Number**    **State**
J 5210 1657 3015   IL

**OPERATING:** ☐ Commercial Motor Vehicle ☐ Placarded Haz. Mat. Vehicle

Street Address __9838 S. ABERDEEN__   __CHI__ __COOK__
                                            **City and/or County of Arrest**

City & State __CHI__ __IL__    Arrest Date __08__/__05__/__07__, __2:55__ P
                                          **Mo.**  **Day**  **Yr.**  **Time**

Sex __M__   Date of Birth __15 JAN 73__   __7808 S HALSTED__ Place of Refusal or Location of Test(s)

Notice of Suspension Given On __09__/__05__/__07__   Ref. or Test Date __09__/__05__/__07__, __4:38__ A/P
           **Mo.**  **Day**  **Yr.**                 **Mo.**  **Day**  **Yr.**  **Time**

THE SUSPENSION SHALL TAKE EFFECT ON THE 46TH DAY FOLLOWING THE NOTICE DATE OF THE SUSPENSION. BECAUSE OF YOUR INVOLVEMENT IN A PERSONAL INJURY (TYPE A) OR FATAL MOTOR VEHICLE ACCIDENT, AND BY THE ISSUANCE OF A UNIFORM TRAFFIC TICKET FOR ANY VIOLATION OF THE ILLINOIS VEHICLE CODE OR A SIMILAR PROVISION OF A LOCAL ORDINANCE WITH THE EXCEPTION OF EQUIPMENT VIOLATIONS CONTAINED IN CHAPTER 12 OF THE CODE, OR SIMILAR PROVISIONS OF LOCAL ORDINANCES, AND PURSUANT TO SECTION 11-501.6 OF THE ILLINOIS VEHICLE CODE, YOU ARE HEREBY NOTIFIED THAT ON THE DATE SHOWN ABOVE YOU WERE ASKED TO SUBMIT TO A CHEMICAL TEST TO DETERMINE THE ALCOHOL, OTHER DRUG OR DRUGS OR INTOXICATING COMPOUND OR COMPOUNDS OR ANY COMBINATION THEREOF CONTENT OF YOUR BLOOD AND WARNED OF THE CONSEQUENCES:

☒ Because you refused to submit to or failed to complete testing, your driver's license and/or privileges will be suspended for a minimum of 6 months. *

☐ Because you submitted to testing which disclosed:

    ☐ an alcohol concentration of_____ , which is 0.08 or more;
    ☐ any amount of a drug, substance or intoxicating compound in your blood or urine resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act, a controlled substance listed in the Illinois Controlled Substances Act or an intoxicating compound listed in the Use of Intoxicating Compounds Act;

    your driving privileges will be suspended for a minimum of 3 months. *

*NOTE: If it is determined that you are not a "first offender," as defined in Section 11-500 of the Illinois Vehicle Code and:
    You refused to submit to, or failed to complete, all requested chemical testing, **the period of suspension will be a minimum of 3 years**; or if
    You submitted to chemical testing which resulted in an alcohol concentration of 0.08 or more or any amount of a drug, substance or intoxicating compound resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act, a controlled substance listed in the Illinois Controlled Substances Act or an intoxicating compound listed in the Use of Intoxicating Compounds Act, **the period of suspension will be a minimum of 1 year.**

I have complied with Section 11-501.6 of the Illinois Vehicle Code by issuing the Uniform Traffic Ticket for any violation of the Illinois Vehicle Code or a similar provision of a local ordinance with the exception of equipment violations contained in Chapter 12 of the Illinois Vehicle Code, or similar provisions of local ordinances, subsequent to a personal injury (Type A) or fatal motor vehicle accident.

__CAUSED TRAFFIC ACCIDENT, HAD VERY STRNG ODOR OF Alcoho__
__BEVERAGE ON Breath, BLOD SHOT EYES & mumbling__
__SPEECH__

Pursuant to Section 11-501.6 of the Illinois Vehicle Code I have:
☒ Served immediate notice of suspension of driving privileges on the above named person.
☐ Given notice of suspension of driving privileges to the named person by depositing in the United States mail said notice in an envelope with the postage prepaid addressed to said person at the address as shown on the Uniform Traffic Ticket.

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

Signature of Arresting Officer _____    Identifying Number __13798__

Law Enforcement Agency __CPD/006__    Date __08__/__05__/__07__
                                                   **Mo.**  **Day**  **Yr.**

00005593      POLICE OFFICER - GIVE TO MOTORIST      DSD DC-157.6

PLAINTIFF'S
EXHIBIT "C"

JESSE WHITE
SECRETARY OF STATE
STATE OF ILLINOIS

IN THE MATTER OF THE SUSPENSION OF THE
DRIVERS LICENSE AND DRIVING PRIVILEGES                FILE NO. C-04891-07
OF THE PETITIONER DESMOND E. JAMES
DRIVER'S LICENSE NUMBER: J520-1657-3015

## ORDER

**WHEREAS,** the Petitioner, whose driving privileges were suspended under Section 6-206(a)(31) of the IVC (625 ILCS 5/6-206) as required under Section 11-501.6 of the IVC (625 ILCS 5/11-501.6), effective **OCTOBER 21 , 2007**, requested a hearing to contest the suspension alleging in part that the motor vehicle crash that occurred on **AUGUST 5, 2007**, did not result in death or personal injury, as defined in Section 11-501.6 of the IVC; and,

**WHEREAS,** Section 11-501.6 of the IVC requires personal injury, as defined therein, or death to have occurred for the Petitioner to be deemed to have given consent to a chemical test(s) of blood, breath or urine; and,

**WHEREAS,** the traffic crash report indicates that no such personal injury or fatality occurred in relation to the accident in question; and,

**WHEREAS,** upon **DECEMBER 7, 2007**, a letter from the Secretary of State's Department of Administrative Hearings was forwarded to police officer **T. OATES, Star No. 13798**, of the Chicago, Illinois Police Department, an officer investigating this incident; and,

**WHEREAS,** the letter requested Officer Oates to submit, within five (5) days of the date of the aforesaid correspondence, "written verification as to whether death or Type A personal injury, as described in 5/11-501.6(g) of the Illinois Vehicle Code, was involved in this accident."; and,

**WHEREAS,** as late as **DECEMBER 18, 2007**, the requested response was not received by the Illinois Secretary of State;

**NOW THEREFORE IT IS HEREBY ORDERED:**  That the petition to rescind the suspension of the Petitioner's driver's license and driving privileges under Section 6-206(a)(31) of the IVC, entered **OCTOBER 21, 2007**, is <u>GRANTED</u>.