**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DESMOND JAMES** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08 CV 1758** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **CHICAGO POLICE OFFICERS T. X. OATES** | ) | |
| **(Star No. 13798), F. M. JACINTO (Star No. 16472)** | ) | |
| **CITY OF CHICAGO, ILLINOIS,** | ) | |
| | ) | |
| **Defendants** | ) | |

## AMENDED COMPLAINT

The Plaintiff for his cause of action against Defendants states as follows:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983], and this Court's supplemental jurisdiction. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.
2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times relevant herein, Plaintiff Desmond James (Plaintiff) was and now is a citizen of the United States and resides within the jurisdiction of this court.
4. At all times relevant herein, the individual defendants, Officers T. X. Oates: Star No.:13798 and F.M. Jacinto Star No. 16472 were members of the city of Chicago Police Department, and were acting under color of state law and as employees, agents or representatives of the City of Chicago.

5. Defendant City of Chicago is a municipal corporation, duly organized under the laws of the state of Illinois.

## FACTS

6. On August 5, 2007, at or about 2:00am, Plaintiff was driving southbound and traveling at a normal rate of speed well within the posted speed limit on South Racine Avenue, Chicago when he suddenly lost control of his vehicle due to a broken lower control arm of his car and struck three cars that were parked on the right side curb, before coming to a stop.

7. Plaintiff's car was incapacitated and could not move as a result of the broken control arm. Plaintiff then exited his vehicle and approached the entrance of a hair/beauty salon located on the first floor of a building on 8540 South Racine Avenue and in front of which the three cars were parked. The salon was still open.

8. At the same time, Plaintiff called his brother, Antonio Grant on his cell phone and informed him of what had taken place.

9. Believing that the owners of the three cars he had struck were present in the salon, Plaintiff entered the salon and offered his apologies as well his auto insurance information to the persons in the salon.

10. While Plaintiff was giving out his insurance information, someone locked the door of the salon and called the police.

11. Before the police arrived, Plaintiff's brother, Antonio Grant and Antonio's friend, Michael Burgins arrived at the scene but could not enter the salon because the door was locked. However, they could see Plaintiff through the glass window.

12. Shortly thereafter, at or about 2:30AM, two police officers, F.M. Jacinto Star No.: 16472 and F. Rodriguez, Star No.: 12986 arrived at the scene and met Antonio Grant and Michael Burgins outside the salon. The officers inquired of Burgins and Grant what was going on.

13. Shortly after, Officer Oates arrived at the scene and wan immediately let into the salon with Jacinto while Rodriguez questioned Grant and Burgins outside.

14. Upon entering the salon, Officers Oates and Jacinto immediately accosted Plaintiff and ordered Plaintiff to stand up and put his hands behind his back while at the same

time yelling at plaintiff, "Where's the gun at? Where's the gun at? Where's the gun at?"

15. Plaintiff responded that he had no gun but Officers Oates and Jacinto commanded Plaintiff to stand up from his sitting position and to put his hands behind his back. They then handcuffed Plaintiff and searched him for a gun.

16. Not finding any gun on Plaintiff, Officers Oates and Jacinto took the handcuffed Plaintiff outside and placed him in their squad car. Officer Oates then went over to Plaintiff's incapacitated car and searched it for a gun. Burgins was also questioned about a gun and was eventually placed under arrest for allegedly assaulting the owner of the salon.

17. Despite the fact that Plaintiff had neither committed any crime nor was he in the process of committing any crime or breaking any laws for which he should be arrested, Plaintiff was subjected to unreasonable search and placed under arrest and taken to the District 006 Police Station at 7808 South Halsted, Chicago.

18. At the police station, Plaintiff was placed in a holding cell for about two hours without communication with any one and without being told why he was arrested and what he was brought to the station for.

19. Two hours later, at or about 4:38AM, Plaintiff was accosted by Officer Oates who advised Plaintiff that he was going to process him for driving under the influence (DUI), failure to keep in lane and leaving the scene of an accident. Officer Jacinto also actively participated in the processing of Plaintiff by conversing with and providing exhortation to Officer Oates.

20. Officer Oates then proceeded to ask Plaintiff to perform some Field Sobriety Tests (FST) at the station, two hours after Plaintiff's arrest, to which Plaintiff reluctantly complied because he had become suspicious of the intentions of the police officers.

21. Officer Oates haphazardly conducted the purported FST at the station and did not even bother to complete it because he had already made up his mind that Plaintiff was guilty. While conducting the tests Officers Oates and Jacinto made taunting and humiliating remarks at Plaintiff.

22. Plaintiff also refused to submit to any chemical tests because of the suspicious conduct of the police officers Oates and Jacinto.

23. Plaintiff was not verbally warned by Officer Oates of the consequences of refusing chemical tests as required by Section 11-501.6 of the Illinois Vehicle Code. However, Officer Oates did issue to Plaintiff an erroneous written Traffic Crash Warning to Motorist and told plaintiff "I'm sure you know what that means". (see attached Plaintiff's exhibit "A")

24. Despite the fact that Officer Oates was well aware or should have been aware that the accident in which Plaintiff was involved did not result in death or personal injury, Officer Oates went ahead to complete, swear to and file a false Traffic Crash Sworn Report to the contrary and pursuant to Section 11-501.6 of the Illinois Vehicle Code Illinois with the Illinois Secretary of State. (see attached Plaintiff's exhibit "B")

25. As a result of the aforesaid false report by Officer Oates, Plaintiff's driving privileges were administratively suspended by the Illinois Secretary of State pursuant to Section 11-501.6 of the Illinois Vehicle Code.

26. As a result of the suspension of Plaintiff's driving privileges, Plaintiff was out of work for more than three months because his work is driving based. Plaintiff was thus deprived of any means of livelihood and was subjected to severe financial hardship while trying to resolve the erroneous and false report with the Illinois Secretary of State.

27. Plaintiff's driving privileges were finally reinstated sometime in January 2008 after Officer Oates ignored the request of the Illinois Secretary of State to provide information to substantiate his Sworn Report. (see attached Plaintiff's exhibit "C")

28. Plaintiff was also falsely charged with driving under the influence (DUI), failure to keep in lane and leaving the scene of an accident and Plaintiff has had to incur huge expenses in defending said action.

29. The defendant officers did not conduct a field sobriety test on Plaintiff at the scene of the accident and there was no probable or legal cause to arrest Plaintiff for DUI.

30. The decision of the defendant officers to prosecute Plaintiff for DUI was an afterthought and was made after Plaintiff was arrested and taken to the station and held without being told why he was arrested for about two hours.

31. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard

for Plaintiff's rights and justify awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

32. The aforementioned acts of Officer Oates in failing to follow proper procedures, filing a false report against Plaintiff and failing to give proper warning were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

33. By reason of the above-described acts and omissions of defendants, Plaintiff suffered extreme humiliation, severe mental and emotional pain and suffering, loss of income, financial loss and loss of liberty.

**COUNT I**

**Plaintiff Against the Individual Defendants for Due Process Violations**

34. Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty three (33) as though fully set forth herein.

35. By reason of the conduct of the individual defendant officers, Plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause as contained in the Fifth and Fourteenth Amendments to the United States Constitution.

36. The defendants deprived Plaintiff of fair criminal and civil proceedings by engaging in multiple wrongful acts which include, but are not limited to, not following the proper procedure in arresting and charging Plaintiff with driving under the influence, submitting false charges as contained in the charges, submitting false police reports and submitting false and misleading sworn reports to deny Plaintiff of his driving privileges and fair criminal and civil proceedings.

37. The acts described in the preceding paragraph were directed toward Plaintiff, were intentional and material, and therefore in violation of Plaintiff's due process rights.

WHEREFORE, pursuant to 42 U.S.C S 1983, Plaintiff demands actual and compensatory damages against Defendants T. Oates and F. M. Jacinto, and because these defendants acted maliciously, wantonly, or oppressively, punitive damages and costs of this action including attorneys' fees and such other additional relief as this Court deems equitable and just are proper.

**COUNT II**

**Plaintiff Against Individual Defendants for False Arrest and Detention**

38. Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty three (33) as though fully set forth herein.

39. The individual defendants caused the arrest of plaintiff without probable cause.

40. The actions of defendants were a direct and proximate cause of the violations of Plaintiff's Fourth amendment rights, mental suffering, anguish, humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C S 1983, Plaintiff demands actual and compensatory damages against Defendants T. Oates and F. M. Jacinto and because these defendants acted maliciously, wantonly, or oppressively, punitive damages and costs of this action including attorneys' fees and such other additional relief as this Court deems equitable and just are proper.

**COUNT III**

**Plaintiff Against Individual Defendants for Conspiracy to Deprive Plaintiff of His Due Process Rights**

41. Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty three (33) as though fully set forth herein.

42. All the individual defendants either explicitly or implicitly conspired or agreed to a scheme to deprive Plaintiff of fair criminal proceedings. The acts of all the individual defendants include, but are not limited to, filing false police reports, filing false and misleading FST report, filing false DUI charges, filing and submitting false Traffic Crash Sworn Report with the Illinois Secretary of State, failing to follow established procedures in administering Field Sobriety Tests, all of which was done to cover up wrongdoing.

WHEREFORE, pursuant to 42 U.S.C S 1983, Plaintiff demands actual and compensatory damages against Defendants T. Oates and F. M. Jacinto and because these defendants acted

maliciously, wantonly, or oppressively, punitive damages and costs of this action including attorneys' fees and such other additional relief as this Court deems equitable and just are proper.

**COUNT IV**

**Plaintiff Against Individual Defendants for Malicious Prosecution**

43. Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty three (33) as though fully set forth herein.

44. The defendants proceeded with the charges against Plaintiff knowing them to be false.

45. Defendant Oates proceeded to swear to and file a Traffic Crash Sworn Report with the Illinois Secretary of State knowing same to be false and misleading.

46. The actions of the defendants were intentional, willful, wanton, and malicious.

47. As a result of the actions of defendants, Plaintiff suffered monetary loss and expenses, pain, suffering, fear and anxiety.

WHEREFORE, Plaintiff demands actual and compensatory damages against Defendants T. Oates and F. M. Jacinto and because these defendants acted maliciously, wantonly, or oppressively, punitive damages and costs of this action including attorneys' fees and such other additional relief as this Court deems equitable and just are proper.

**COUNT V**

**Plaintiff Against City of Chicago under *Respondeat Superior***

48. Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty three (33) as though fully set forth herein.

49. At all times Relevant, defendant officers T. Oates and F. M. Jacinto were employees of the City of Chicago and were acting in the scope of their employment and their acts which violated state law are directly chargeable to Defendant City of Chicago under state law pursuant to the principle of *respondeat superior*.

Wherefore, Plaintiff demands judgment for compensatory damages against the City of Chicago, plus the costs of this action and such other additional relief as this Court deems equitable and just.

**PLAINTIFF REQUESTS TRIAL BY A JURY**

DATED: April 28, 2008

Respectfully Submitted

/s/ Uche O. Nwakudu

Uche O. Nwakudu

Attorneys for Plaintiff

Uche O. Nwakudu & Associates
53 West Jackson Blvd., Suite 1440
Chicago, IL 60604
(312) 922-8243

**PLAINTIFF'S VERIFICATION**

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein and that the foregoing pleading filed on my behalf, and the facts stated therein are true.

Desmond James
Desmond James

4/28/08
Date

Subscribed to and sworn to before me this 28th day of April, 2008

Uche O. Nwakudu
Notary Public

OFFICIAL SEAL
UCHE O NWAKUDU
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/31/08